

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 1:10-cv-06582 |
| ALGIRD M. NORKUS and FINANCIAL UPDATE, INC., ) ) ) | Honorable Robert M. Dow Jr. |
| Defendants. ) ) ) | |

## PARTIAL FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION, ASSET FREEZE AND OTHER RELIEF

The Securities and Exchange Commission having filed a complaint, and Defendants

Algird M. Norkus and Financial Update, Inc. (collectively "Defendants") having entered a

general appearance; consented to the Court's jurisdiction over Defendants and the subject matter

of this action; consented to the entry of this Partial Final Judgment and Order of Permanent

Injunction, Asset Freeze and Other Relief ("Partial Final Judgment") without admitting or

denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and

conclusions of law; and waived any right to appeal from this Partial Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Partial Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)     to employ any device, scheme, or artifice to defraud;

  (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Partial Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)     to employ any device, scheme, or artifice to defraud;

  (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil

penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)

of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the

disgorgement, prejudgment interest and civil penalty upon motion of the Commission. In

connection with the Commission's motion for disgorgement, prejudgment interest and/or civil

penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from

arguing that they did not violate the federal securities laws as alleged in the Complaint; (b)

Defendants may not challenge the validity of the Consent or this Partial Final Judgment; (c)

solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for

disgorgement, prejudgment interest and/or civil penalties, the parties may take discovery,

including discovery from appropriate non-parties.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that until otherwise ordered by the Court:

(a)     all funds and other assets of the Defendants, including but not limited to all assets of entities owned, managed or controlled by Defendants, and all investor funds wherever located are hereby frozen; accordingly, Defendants and their officers, agents, affiliates, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Partial Final Judgment or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby temporarily restrained from directly or indirectly:

(1)     transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating or otherwise disposing of, or withdrawing, any assets or property, including, but not limited to: cash; free credit balances; fully paid-for securities; property pledged or hypothecated as collateral for loans owned by, controlled by, or in the possession or custody of the Defendants or any entities owned, managed, or controlled by the Defendants; any and all accounts at any financial institution in the name of or under the control of the Defendants or any entities owned, managed, or controlled by the Defendants; and any and all accounts at any financial institution in which the Defendants or any entities owned, managed, or

controlled by the Defendants have signatory authority or a beneficial interest;

(2)     transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating or otherwise disposing of, in any manner, any funds or assets that constitute investor funds or any accounts or property into which investor funds were deposited or invested; and

(3)     opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of the Defendants or any entities owned, managed, or controlled by the Defendants, or subject to access by the Defendants or any entities owned, managed, or controlled by the Defendants, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets subject to this Partial Final Judgment; and

(b)     any bank, financial or brokerage institution, or other person or entity holding any such funds or other assets referred to in Paragraph (a) of Section IV of this Partial Final Judgment, in the name of, for the benefit of, or under the control of the Defendants or any entities owned, managed, or controlled by the Defendants, or any account holding investor funds wherever located, and which receives actual notice of this Partial Final Judgment or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that notice of this Partial Final Judgment may be accomplished by delivery of a copy of the Partial Final Judgment by first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the Commission, to the Defendants, and to any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Partial Final Judgment.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible or indecipherable in any manner, any of the books, records, documents, correspondence, ledgers, accounts, statements, files and other property of or pertaining to the Defendants or any entities owned, managed, or controlled by the Defendants or any matters described in the Complaint filed by the Commission in this action, however maintained and wherever located, until further order of this Court.

**VII.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants produce to the Commission, within 5 days of the issuance of the Partial Final Judgment, all accountant's reports, bank statements, brokerage statements, documents indicating title to real or personal property and any other indicia of current asset ownership in their possession, custody or

control or in the possession, custody or control of any entities owned, managed, or controlled by the Defendants, however maintained and wherever located; and all books, records and other documents in their possession, custody or control or in the possession, custody or control of any entities owned, managed, or controlled by the Defendants, however maintained and wherever located, relating to the offer, purchase or sale of securities.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

(a)　immediately upon entry of this Partial Final Judgment, the Commission is granted leave to serve interrogatories, requests for documents, and requests for admissions, take depositions and subpoena documents immediately, and the time allowed to respond to such discovery requests is shortened to 5 calendar days after a request is served unless otherwise ordered by the Court;

(b)　all other discovery rules contained in the Federal Rules of Civil Procedure and Local Rules for the Northern District of Illinois shall apply unless otherwise ordered by this Court.;

(c)　all responses to the Commission's discovery requests shall be delivered to the Securities and Exchange Commission, Chicago Regional Office, Attention: Scott Tandy, 175 W. Jackson Blvd., Suite 900, Chicago, Illinois 60604 by the most expeditious means available, including via facsimile to (312) 353-7398;

(d)　service of discovery requests, including but not limited to third party subpoenas, shall be sufficient if made upon the parties by facsimile, overnight courier or electronic means and depositions may be taken by telephone or other remote electronic means.

## IX.

**IT IS FURTHER ORDERED** that Defendant Norkus shall make a sworn accounting, to this Court, within five (5) days of the issuance of this Partial Final Judgment. Nothing contained in this section of this Partial Final Judgment shall prevent Defendant Norkus from asserting a Fifth Amendment privilege against self-incrimination and, in turn, nothing contained in this section of the Partial Final Judgment shall prevent the Commission from opposing or challenging Defendant Norkus's assertion of a Fifth Amendment privilege against self-incrimination. The sworn accounting shall consist of:

(a) all assets, funds and property received, directly or indirectly, from anyone who invested in or otherwise gave, directly or indirectly, assets, funds or property to the Defendants or any entities owned, managed, or controlled by the Defendants and for the assets, funds or properties identified provide: (1) a description; (2) the amount of such funds or value of such assets; (3) the location of where such funds were put and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (4) the uses to which such funds were put; and (5) the amounts of any remaining assets or funds and the location of any such remaining assets or funds and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location;

(b) all of the assets and liabilities of the Defendants wherever located, and for each asset and liability provide: (1) a description; (2) the amount or value; (3) the

location including the name and address of the bank or other financial institution,

the account name and the account number; and (4) the date the asset was acquired

or the date the liability was incurred; and

(c)     all funds received in connection with the offer, purchase or sale of securities and

the uses of such funds.

## X.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants'

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendants shall comply with all of the undertakings and agreements set forth therein.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Commission is

expressly authorized to engage in continued discovery regarding any unresolved issue in this

case with respect to the Defendants, including, but not limited to, discovery for the purposes of

determining the amount of ill-gotten gains and civil penalties, if any.

## XII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall

retain jurisdiction of this matter for all purposes, including, but not limited to, enforcing the

terms of this Partial Final Judgment.

## XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is hereby directed to enter this Partial Final Judgment.

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: _October 19_ , 2010